GLADNEY, Judge.
This action for the recovery of workmen’s compensation by Jack T. Orr alleges he sustained a hernia on May 22, 1957, while engaged in performing the duties of his employment with Campbell Construction Company, Inc. Made defendants are the employer and its insurer, Indemnity Insurance Company of North America. Upon trial of the case the principal issue presented for decision was whether or not a hernia with which Orr was suffering was incurred within the course and scope of his employment by Campbell Construction Company, Inc. From an adverse judgment plaintiff has appealed.
Jack T. Orr was a strong white man about twenty years of age. While engaged with several co-workers in placing heavy culverts in a road being constructed by his employer from Dry Prong to Packton, in Winn Parish, about 9:00 or 10:00 o’clock on the morning of May 22, 1957, he felt a burning pain in the right inguinal region. He made no complaint to anyone on the job and did not report the matter to his em *241 ployer, but continued working until noon, at which time he ate lunch with a number of his co-workers, but after lunch he left the job and did not thereafter return.
For the purpose of proving his demands, plaintiff tendered the testimony of Virgil Shirley, a friend, his mother, Mrs. Georgia Orr, and his uncle Tommy Orr. Virgil Shirley related that the employee reported to him on the afternoon of May 22nd that he had been hurt on a job and had a swelling in the lower part of his stomach. His mother and his uncle, Tommy Orr, likewise testified he told them he had been injured. Plaintiff produced also Oscar Merrell and Wiley C. Sumberland, both of whom testified that for a period of five years previous to the alleged date of the accident Jack Orr had been a good worker and had evidenced no disability.
During July, 1957, plaintiff went to the Grant Parish Welfare Office and that agency referred him to Dr. B. Webb Smith, a practicing physician of Colfax, who examined plaintiff on July 23rd. The doctor found an inguinal hernia on the right side. Shortly thereafter plaintiff for the first time notified his employer he had hurt himself on the job by contacting J. W. Williams, superintendent for Campbell Construction Company, Inc. This was more than two months subsequent to the alleged date of the accident.
The defendant offered testimony of James Waggstaff, a time keeper on the job, D. J. Scott, a dragline operator and Benny Goodman, a Negro laborer who was working with plaintiff. All of these persons were working alongside of the plaintiff during the morning of May 22nd and all testified without equivocation plaintiff had made no statement or complaint of injury. On October 28, 1957, at the request of the defendant, this suit having been filed on September 16, 1957, plaintiff was examined by Dr. Tom J. Smith, a physician and surgeon of Shreveport, Louisiana, who rendered a diagnosis of a right scrotal hernia. Dr. Smith expressed his opinion the hernia was of long duration and that plaintiff’s disability was not attributable to his employment.
A hypothetical question was addressed to Dr. T. J. Smith, which summarizes accurately the salient facts pertaining to a causal connection between plaintiff’s employment and his injury. We repeat this portion of the testimony:
“Q. Please assume that the following facts will be proved. Plaintiff was assisting several other men laying culverts on the morning of 22 May. Due to heavy rains the ditches were muddy and the work was unpleasant. He worked steady until the crew quit for the noon hour. He ate his lunch with the other men. After lunch he walked off the job, caught a ride while walking down the road, visited a friend living near by and later in the afternoon caught á ride home. Although other men were close to him at all times while at work, he made no complaint to anyone on the job that he had been hurt. He made no outcry. While eating lunch he made no reference to pain or injury. When leaving the job he gave no reason for doing so. Although he saw his former employer, Mr. J. W. Williams, several times between 22 May and 23 July, he never mentioned an injury to him until the evening of 23 July nor did he during this period report an injury to anyone else connected with Campbell Construction Company. He visited no physician and was seen by no physician until 23 July, 2 months after he walked off the job. He was referred to Dr. B. Webb Smith of Colfax by the Welfare Office in Colfax when he applied there for assistance on 23 July. Dr. Smith found that plaintiff had a right inguinal hernia. Based on your experience in hernia cases and assuming that the above statements are true, in your opinion, is it probable that plaintiff suffered a hernia while at work on the morning of 22 May, 1957? A. I *242 would say with the history this gentleman gave me that it would be impossible because he said his pain was excruciating. It was severe. It was sudden and that he stayed in bed 3 days with it, it was so bad. I think anyone who had that much pain from the history would naturally have cried out at the time or would have * * * anyone around him could have told that he was suffering. Now, that is according to the history he gave me. The history he gave me was that he had a severe pain. I asked him did he remember it and he was very emphatic in that he did remember the pain as being very acute and very severe and yet he didn’t report it and the history is inconsistent with those facts you just read or the findings you just reported there.”
Dr. Smith also testified:
“Well, with the extent of the hernia, that is the size of it and its descent in the scrotum, you would have to presume ■ that this hernia was of long duration and I would think more than 2 or 3 weeks or at least more than 2 months since hernias do come down slowly. They don’t just drop into the scrotum suddenly.”
The testimony of Dr. T. J. Smith was not contradicted by other medical experts, and is inconsistent only with plaintiff’s testimony he felt a burning pain in the right inguinal region during his employment on May 22, 1957. The evidence considered in its entirety convinces us the opinion of Dr. Smith as to the duration of the hernia and its occurrence prior to Orr’s employment must be accepted as correct and sufficient to disprove the entitlement of plaintiff to workmen’s compensation. Dr. Smith testified that he had had occasions to treat thousands of cases of hernia and his testimony is entitled to great weight.
For the foregoing reasons we hold plaintiff has failed to show by a preponderance of the evidence the hernia from which he was found to be suffering on July 23, 1957, was incurred in or aggravated by his employment with Campbell Construction Company. We, therefore, approve of the findings of the judge a quo who gave written reasons for his judgment which discloses a most careful analysis of the factual and legal issues presented and a proper resolution of the case. After our review of the record, we find no error manifest in the judgment from which appealed. The judgment is hereby affirmed.